# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08cv0484 |
| | ) | |
| MOTIVATION EXCELLENCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

May 16, 2008

Presently before the Court are the following:

• MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, with brief in support, filed by Defendant Motivation Excellence, Inc. ("MEI");

• RESPONSE IN OPPOSITION and BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION filed by Plaintiff, John A. Robinson ("Robinson");

• REPLY BRIEF filed by MEI;

• RESPONSE TO REPLY BRIEF filed by Plaintiff; and

• MOTION FOR ORDER OF COURT DIRECTING THE RETURN OF PROPERTY AND PRESERVATION FROM SPOILATION filed by MEI and the RESPONSE AND BRIEF IN OPPOSITION filed by Robinson.

The issues have been fully briefed and are ready for disposition. After careful review of the filings and the entire record, both Motions will be granted.

**Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the Complaint. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allian,* 478 U.S. 265, 286 (1986)). A plaintiff's complaint must go beyond mere legal conclusions and speculation to provide factual allegations sufficient to "nudge . . . their claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1969.

To make certain that lower courts understood the scope of its holding, the Supreme Court in *Twombly* explicitly rejected its earlier decision in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which had held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1969. Rather, the Court made clear that plaintiffs' complaints must go beyond mere legal conclusions and speculation to provide factual allegations sufficient to "nudge . . . their claims across the line from conceivable to plausible." *Id.*

In short, *Twombly* is a watershed decision in pleading practice. Under *Twombly,* plaintiffs may no longer merely recite the elements of a cause of action or rely on legal

conclusions couched as factual allegations to survive a motion to dismiss. *Id.* Rather, a complaint must allege plausible facts sufficient to establish a right to relief. *Id.*

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to the motion to dismiss filed by MEI are relevant employment documents which are referenced but not attached to Plaintiff's Complaint, namely the executed Offer Letter and executed Confidentiality Agreement. Because these documents are essential to Plaintiff's claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

**Background**

As the law requires, all disputed facts and inferences are resolved most favorable to Plaintiff. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

This lawsuit arises out of the termination of the employment relationship between defendant, MEI, and plaintiff, John A. Robinson ("Robinson"), a former Account Executive with MEI.

Prior to his employment with MEI, Robinson worked for Hinda Incentives, Inc. ("Hinda'), a competitor of MEI. While employed by Hinda, Robinson accepted employment with MEI. On April 25, 2007, Robinson signed an Offer Letter in which he accepted employment with MEI. The Offer Letter contained an express employment-at-will clause:

> Your employment with MEI is at-will. This means either you or MEI may terminate your employment with MEI at any time without notice or cause. This letter confirms that no promises regarding your employment or its length have been made to you. You and MEI agree that any assurances, whether relating to the length of your employment or the terms and conditions of your employment, and whether written or oral, shall not change your employment-at-will relationship with MEI . . . .

(Complaint at ¶¶21, 22; Offer Letter, ¶ 11.)

The Offer Letter also contained an integration clause which provided as follows:

> All discussions, correspondence, understandings, and agreements heretofore had or made between you and MEI, except any previous requirements that you not disclose or use information that is confidential, are superseding by and merged into this letter agreement and the Confidentiality Agreement, which, together fully and completely express the agreement between MEI and you relating to their subject matters, and the same are entered into with neither you nor MEI relying upon any statement or representation made by or on behalf of the other not embodied in this letter agreement or the Confidentiality Agreement.

(Offer Letter ¶ 12.)

The Confidentiality Agreement, executed by Robinson on June 4, 2007, also contained an at-will employment clause:

> Employee acknowledges and agrees that this Agreement is not a contract for or guarantee of continued employment or rate of compensation for any period. Employee's employment with the Company is at will. Either party is free to terminate Employee's employment with the Company at any time, for any reason. . . .

(Agreement, ¶ 6(a).)

4

Additionally, the Confidentiality Agreement contained an express provision that MEI did not seek any confidential information from Robinson which he may have acquired from a previous employer, *to wit:*

> Employee acknowledges and agrees that [MEI does] not seek any confidential information which Employee may have acquired from a previous employer or other third party, and Employee will not disclose any such information to [MEI].

(Agreement, ¶ 4.)

Robinson contends, however, that soon after his employment with MEI commenced, MEI demanded that Robinson "reveal confidential proprietary information that was the exclusive property of competitor Hinda," and because of his "financial position, having resigned a viable position with Defendant's competitor Hinda Incentives," he reluctantly complied. (Complaint, ¶ 7.) However, on July 2, 2007, when MEI demanded further disclosure of Hinda's confidential business data, Robinson refused to comply with this request, and he was discharged without notice, severance compensation, or health benefits. (Complaint, ¶¶ 8-9.)

Robinson argues that "[a]fter he began his employment he realized that MEI deceived him and concealed the fact that he was primarily hired to reveal confidential proprietary information that was the exclusive property of competitor Hinda." Br. at 1.

On or about March 10, 2008, Robinson filed a two-count Complaint against MEI in the Court of Common Pleas of Allegheny County, in which he alleged "fraudulent employment" (Count I) and breach of contract (Count II). On April 14, 2008, MEI removed the lawsuit to this Court.

MEI brought the instant motion in which it requests the Court to dismiss the "fraudulent employment" claim because "[a]ny alleged misrepresentations that occurred prior

5

to Robinson's signing his agreements with MEI should be dismissed because of the parol evidence rule and the relevant agreement's integration clause." Additionally, MEI argues that the breach of contract claim should be dismissed because (i) Robinson was an at-will employee and (ii) his claim inappropriately blends fraud and contract theories.

**Discussion**

A. Motion to Dismiss

1. *Fraudulent Employment*

Initially, the Court notes that there is no cause of action for "fraudulent employment" under Pennsylvania common law. However, the Court will proceed as though Robinson is pleading a cause of action for fraud under Pennsylvania common law.[1]

The Court of Appeals for the Third Circuit has established that under Pennsylvania common law, the parol evidence rule bars "consideration of prior representations concerning matters covered in the written contract, even those alleged to have been made fraudulently, unless the representations were fraudulently omitted from the contract."[2] *Dayhoff Inc. v. H.J.*

---

[1] According to the Response in Opposition filed on behalf of Robinson, he is alleging that "MEI fraudulently concealed the fact that once he began employment his duties would include disclosure of previous employer Hinda's confidential business data." (Response, at ¶ 4.)

[2] Fraud in the inducement is different from fraud in the execution. Fraud in the execution occurs when parties agree to include certain terms in an agreement but the terms are omitted from the written contract. Parol evidence is admissible in such cases to prove that these provisions were omitted by fraud, accident, or mistake. *Dayhoff*, 86 F.3d at 1300. Fraud in the inducement occurs when one party is induced to enter a contract by the fraudulent misrepresentations of another. *1726 Cherry St. P'ship v. Bell Atl.*, 653 A.2d 663, 666 (Pa. Super. Ct. 1995); *Dayhoff*, 86 F.3d at 1300. This case presents a fraud in the inducement claim.

6

*Heinz Co.*, 86 F.3d 1287, 1300 (3d Cir. 1996) (*citing HCB Contractors v. Liberty Place Hotel Assocs.*, 652 A.2d 1278, 1279 (Pa. 1995)).

The parol evidence rule applies to bar a fraud claim whether such claim is based on affirmative fraudulent statements or on fraudulent omissions. *See, e.g., HCB Contractors*, 652 A.2d at 398 (barring claim where plaintiff alleged that defendant had an "affirmative duty to disclose").

In the case at bar, Robinson appears to be arguing that but for the allegedly fraudulent omission, he would not have entered into the employment-related agreements. However, the Confidentiality Agreement contains terms which specifically state that MEI was not seeking confidential information from any prior employer of Robinson and that Robinson would not be required to disclose any such confidential information. Thus, the Court finds and rules that the issue of non-disclosure of confidential information obtained from a prior employer was clearly covered in the written employment related agreements; thus, the parole evidence rule bars Plaintiff's claim for fraud.

Moreover, the Offer Letter contains a detailed integration clause which specifically states that "[a]ll discussions, correspondence, understandings, and agreements heretofore had or made between you and MEI, <u>except any previous requirements that you not disclose or use information that is confidential</u>, are superseded by and merged into this letter agreement and the Confidentiality Agreement, which, together, fully and completely express the agreement between MEI and you . . . ." Offer Letter, ¶ 12 (emphasis added).

Accordingly, the Court finds and rules that insofar as Robinson bases his fraud claim entirely upon alleged pre-contract statements, this claim should be dismissed because such statements are barred by the parol evidence rule and the integration clause of the Offer Letter.

In the alternative, the Court also finds and rules that the "gist of the action" doctrine[3] bars the fraud claim asserted by Robinson. The gist of the action doctrine bars tort claims which arise solely from a contract between the parties. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 n. 8 (3d Cir. 2002) (*citing Phico Insurance Co. v. Presbyterian Medical Services Corp.*, 663 A.2d 753, 757 (Pa. Super. 1995)). The doctrine is based on the notion that the "important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103-04 (3d Cir. 2001) (quoting *Redevelopment Auth. of Cambria County v. International Ins. Co.*, 685 A.2d 581, 590 (Pa. Super. 1996)), *cert. denied*, *Ellwood City Forge Co. v. Bohler-Uddeholm America, Inc.*, 534 U.S. 1162 (2002); *see also* e*toll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002).

---

[3] Although the Pennsylvania Supreme Court has not formally adopted the gist of the action doctrine, the Pennsylvania Superior Court and the Court of Appeals for the Third Circuit, as well as a number of United States District Courts, have predicted that it would. *Williams v. Hilton Group PLC*, 93 Fed. Appx. 384, 385 (3d Cir. 2004); e*toll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002); *Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F. Supp. 2d 329 (E. D. Pa. 2003); *Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 833 n. 11 (E. D. Pa. 2000).

Plaintiff apparently concedes that the gist of the action doctrine is Pennsylvania law, and, this Court too, predicts that the Pennsylvania Supreme Court would adopt it.

Many courts have struggled with whether the "gist of the action" doctrine applies to fraud cases. *See etoll*, 811 A.2d 10. In determining whether the "gist of the action" doctrine applies, a court must determine whether the source of the duties breached were "intertwined" with obligations under the contract, or if they were merely collateral. *Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp.2d 644, 651 (W.D. Pa. 1999). The court in *eToll* explained the sometimes blurred distinction: "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *eToll*, 811 A.2d at 14 (additional citation omitted)).

A tort claim is barred by the gist of the action doctrine if: (1) it arises solely from a contract between the parties; (2) the duties allegedly breached were created and grounded in the contract itself; (3) the liability stems from a contract; or (4) the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract. *Williams v. Hilton Group, PLC*, 261 F. Supp.2d 324, 327-28 (E.D. Pa. 2003) (*citing eToll*, 811 A.2d at 19)).

The Court acknowledges that it must exercise caution in making a determination regarding the gist of the action at this early stage of the case. *See Weber Display and Packaging v. Providence Washington Insurance Co.*, 2003 WL 329141 (E.D. Pa. Feb.10, 2003). However, the Court finds that it is evident from a review of the employment agreements at issue that Robinson's claim of fraud is based in contract.

The Court finds and rules that Robinson's allegations of fraud are "inextricably intertwined" with the duties created and grounded in the contract of the parties. Here, the entire

9

basis of Robinson's claim of fraud exclusively involved the alleged "concealment" by MEI that "once [Robinson] began employment his duties would include disclosure of previous employer Hinda's confidential business data." Response at ¶ 4. The Court cannot find the employment agreements to be merely collateral, but rather finds that the employment agreements are at the heart of the fraud claim. Accordingly, the Court finds and rules that Robinson's fraud claim is barred by the gist of the action doctrine.

### 2. *Breach of Contract*

Pennsylvania courts have recognized the doctrine of employment at-will for almost a hundred years. *Carlson v. Arnot-Ogden Memorial Hospital*, 918 F.2d 411, 414 (3d Cir. 1990). Indeed, Pennsylvania law holds that as a general rule, "employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason." *Pipkin v. Pennsylvania State Police*, 693 A.2d 190 (Pa. 1997). The sole exception to this rule recognized in Pennsylvania involves the discharge of an employee which threatens a "clear mandate of public policy." *Clay v. Advanced Computer Applications, Inc.*, 536 A.2d 1375 (Pa. Super. Ct. 1988), *rev'd on other grounds*, 559 A.2d 917, 918 (Pa. 1989); *Geary v. United States Steel Corp.*, 319 A.2d 174, 184-85 (Pa. 1974).

A plaintiff must establish that a valid contract between plaintiff and defendant exists to state a claim for breach of contract. *See Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 275 F. Supp.2d 543,566 (D.N.J. 2003). In the instant case, Robinson claims that the Offer Letter is ambiguous because it granted four (4) separate yearly periods to meet sales goals. See Paragraph 4. The Court finds this argument to be without merit.

Both the Offer Letter and Confidentiality Agreement, which Robinson executed, contain clear and specific disclaimers that an employment contract was not being created and that Robinson would be retained as an at-will employee. *See* Offer Letter, ¶ 6; Confidentiality Agreement, ¶ 11.

The Court also finds and rules that the multi-year profit goals referenced in the Offer Letter do not disturb or affect the at-will relationship because there is no guaranteed duration of employment. The "Goals" section of the Offer Letter merely sets forth the sales expectations which MEI had for Robinson; it does not impact the at-will relationship.

Robinson further argues that, assuming *arguendo* that an at-will employment relationship existed, he may still allege a breach of contract because his discharge "contravened public policy" as he was discharged in retaliation for his refusal to disclose confidential information of his prior employer. Br. at 3.

As previously noted, "an employer may terminate an employee for any reason unless restrained by contract." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 313 (Pa. 2000) In *Geary*, the Pennsylvania Supreme Court carved out an exception to the general rule and held that an employee can contest his termination only if it violated a "clear mandate of public policy." *Geary*, 319 A.2d at 180.

In *McLaughlin*, the Pennsylvania Supreme Court addressed the *Geary* exception and explained:

> From the[ ] cases, we glean that, as a general proposition, the presumption of all non-contractual employment relations is that it is **at-will** and that this presumption is an extremely strong one. An employee will be entitled to bring a cause of action for a termination of that relationship only in the most limited circumstances where termination implicates a clear mandate of public policy in this Commonwealth.

11

750 A.2d at 287 (emphasis added).

An employer "(1) cannot require an employee to commit a crime, (2) cannot prevent an employee from complying with a statutorily imposed duty, and (3) cannot discharge an employee when specifically prohibited from doing so by statute." .*Spierling v. First American Home Health Svcs.*, 737 A.2d 1250, 1252 (Pa. Super. Ct.), *aff'd*, 786 A.2d 989 (Pa. 2001). The public policy exception is extremely narrow and courts should not "take it upon [themselves] to read in such a duty absent Pennsylvania case authority." *Diberardinis-Mason v. Super Fresh,* 94 F. Supp.2d 626, 632 (E.D. Pa. 2000).

Here, Robinson does not allege that he was faced with any of the three exceptions to the general rule. Rather, his Complaint merely alleges that he was terminated in retaliation for refusing to provide confidential information which belonged to his former employer.

In sum, the Court finds and rules that Robinson's breach of contract claim must necessarily fail because Robinson is an at-will employee who is unable to challenge his termination under Pennsylvania law either by creating a presumption that a contract existed between himself and MEI or via the narrow public policy exception which would allow him to contest the termination of his at-will employment.

3. *Leave to Amend*

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* Even if a plaintiff does not seek leave to

12

amend the complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 102 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of his intent to stand on the complaint as filed.

The Court finds and rules that it would be futile to allow Robinson to amend his complaint in this action. Robinson's fraud claim is barred by the parol evidence rule and/or the gist of the action doctrine. Robinson's breach of contract claim fails because Robinson is an at-will employee who is unable to challenge his termination under Pennsylvania law either by creating a presumption that a contract existed between himself and MEI or via the narrow public policy exception which would allow him to contest the termination of his at-will employment. Accordingly, an amended complaint could not alter these legal conclusions.

B.     Motion To Return Property

MEI moves the Court to order Robinson to return to MEI all property that he obtained by virtue of his employment at MEI. Robinson does not deny that upon his employment, MEI furnished him a laptop computer, a fax machine, a scanner and a photocopier. Robinson further does not deny that, despite his termination, he remains in possession of this property.

In response to MEI's request, Robinson argues that the attorneys for MEI have "violated Rule 3.3 of the Rules of Professional Conduct prohibiting . . . 'making false

statements of material fact . . . and offering evidence known to be false'." Response at p.2. In response, Robinson does not deny that the property belongs to MEI; however he does represent that he "will stipulate to an order to keep the computer in tact until a court appointed third party is hired to access the computer hard drive and submit all documents to the court." Id. at pps. 2-3.

Because the Court has ruled that Robinson's claims are without merit, the Court finds and rules that there is no need for a court appointed third party to access the computer hard drive and that MEI is entitled to the return of its property, which is in Robinson's possession, custody, or control. MEI will be directed that it shall preserve, maintain, and protect all such property and things in their present state from destruction, modification and/or alteration until such time as this action is finalized.

## Conclusion

For the reasons discussed *supra*, the Motion to Dismiss and the Motion For Order of Court Directing the Return of Property and Preservation From Spoilation will be granted in their entirety. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN A. ROBINSON, )
 )
        Plaintiff, )
 )
    v. ) 02: 08cv0484
 )
MOTIVATION EXCELLENCE, INC., )
 )
        Defendant. )

**ORDER OF COURT**

AND NOW, this 16th day of May, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(i) the Motion To Dismiss For Failure to State A Claim Upon Which Relief Can Be Granted is **GRANTED** and Plaintiff's case is **DISMISSED WITH PREJUDICE;**

(ii) the Motion For Order of Court Directing the Return of Property and Preservation From Spoilation is **GRANTED;**

(iii) Plaintiff John A. Robinson, as well as his agents, employees and attorneys, and any other individual or entity within his control or supervision, and all other persons or entities acting in concert with him are hereby directed to deliver to counsel for Motivation Excellence, Inc., on or before **May 23, 2008** all documents, software, electronic storage devices, electronic mail, and additional property of Motivation Excellence, Inc., which are in Robinson's possession, custody, or control;

(iv) Plaintiff John A Robinson is **ORDERED** to preserve, maintain, and protect all such property and things in their present state from destruction, modification and/or alteration until such time as such property to returned to Motivation Excellence, Inc.; and

(v) Defendant Motivation Excellence, Inc. is **ORDERED** that once said property is in its possession, it shall preserve, maintain, and protect all such property and things in their present state from destruction, modification and/or alteration until such time as this action is finalized.

The Clerk shall docket this case as closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Paul G. Kachulis, Esquire
Email: pgkesq15@comcast.net

Brian D. Balonick, Esquire
Buchanan Ingersoll & Rooney PC
Email: brian.balonick@bipc.com

Gregory A. Miller, Esquire
Buchanan Ingersoll
Email: gregory.miller@bipc.com